Entered on Docket
October 29, 2012
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: October 26, 2012

_____
**THOMAS E. CARLSON**
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re:  ) Case No. 12-31475 TEC
) Chapter 7
PHUONG T. NGUYEN,  )
)
Debtor.  )
)

## MEMORANDUM DECISION RE DEBTOR'S MOTION FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY

On July 27, 2012, the court held a hearing on Debtor's motion for sanctions for violation of the automatic stay (the "Motion for Sanctions"). David S. Henshaw appeared for Debtor. Graham Reis (Reis) appeared in pro per. Upon due consideration, the court finds that damages should be assessed in the amount of $750.

**FACTS**

On May 16, 2012, Debtor filed a petition for relief under chapter 7 of the Bankruptcy Code.

On May 19, 2012, the Bankruptcy Notification Center mailed the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadline (the "Notice of Bankruptcy Filing") to Reis at PO Box 1016, San Bruno, CA 94066-7016.[1]

---

[1] At the July 27th hearing, Reis admitted that this PO Box was his correct mailing address, but denied receiving a copy of the Notice of Bankruptcy Filing.

MEMORANDUM DECISION -1-

1   On May 29, 2012, Reis obtained a state-court judgment against
2   Debtor in <u>Reis v. Nguyen</u>, San Mateo Sup. Ct., Case No. SCS-126157
3   (the "State-Court Judgement").

4   On June 18, 2012, Reis attended the section 341(a) first
5   meeting of creditors in the above-captioned chapter 7 case.

6   Reis has not taken any action to vacate the State-Court
7   Judgment, and Reis has not taken any action to enforce the State-
8   Court Judgment against Debtor.

9   On June 27, 2012, Debtor filed a motion for sanctions for
10  violation of the automatic stay, and seeks damages of $1,400
11  (attorney's fees only) as follows: $50 for contacting Reis to
12  resolve the matter; $850 for drafting the Motion for Sanctions; and
13  $500 for attending the hearing on the Motion for Sanctions.[2]

14  Upon due consideration, the court hereby resolves the motion
15  as follows:

16  (1) Reis willfully violated the automatic stay under 11 U.S.C.
17  § 362, because Reis had actual knowledge of the above-captioned
18  bankruptcy case on June 18, 2012 (if not earlier), because Reis has
19  not taken any action to vacate the State-Court Judgment since June
20  18, 2012, and because Reis has an affirmative duty to take steps to
21  vacate any judgment signed and entered after the filing of a
22  bankruptcy petition in violation of the automatic stay, <u>see</u> <u>Sucre</u>
23  <u>v. MIC Leasing Corp. (In re Sucre)</u>, 226 B.R. 340, 349 (Bankr.
24  S.D.N.Y. 1998); <u>see also</u> <u>Sternberg v. Johnson</u>, 595 F.3d 937, 943-44
25  (9th Cir. 2010) (the automatic stay imposes on non-debtor parties
26  an affirmative duty of compliance).

27  (2) The court has reviewed all moving papers filed by Debtor
28

---

[2] The billing rate for Debtor's attorney is $250 per hour.

**MEMORANDUM DECISION**                -2-

Case: 12-31475    Doc# 50    Filed: 10/26/12    Entered: 10/29/12 09:22:35    Page 2 of 4

and the declaration of Debtor's counsel, the court notes that the moving papers are limited in scope and page length, that the duration of the hearing was brief, and that Debtor's counsel appeared telephonically at this hearing, and determines that $750 in attorney's fees is reasonable and necessary and should be awarded as sanctions for Reis' violation of the automatic stay.

**CONCLUSION**

Debtor shall recover from Reis the sum of $750.

**\*\*END OF MEMORANDUM\*\***

## Court Service List

Graham Reis
PO Box 1016
San Bruno, CA 94066-7016